UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JANE DOE 1, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CURATORS OF THE UNIVERSITY OF MISSOURI,<br><br>    Defendant. | Case No. 19-cv-04229-NKL |

## ORDER

Defendant The Curators of the University of Missouri (the "University") has moved to strike Plaintiffs' claims for punitive damages in Counts I, II, III, and V and their claims for attorneys' fees in Count IV of the Second Amended Complaint. Doc. 83. For the reasons discussed below, the motion is granted.

### I. PROCEDURAL BACKGROUND

Plaintiffs, two former students at the University, asserted five claims against the University: four arising under Title IX, and one for breach of contract.

On August 25, 2021, the University moved to dismiss Counts II and IV and to strike Plaintiffs' claims for punitive damages in Counts I, II, III, and V and their claims for attorneys' fees in Count IV of Plaintiffs' Second Amended Complaint. Doc. 83. As all but the issues of attorneys' fees and punitive damages were the subject of a subsequent motion by the University for summary judgment, the Court denied the motion to dismiss without prejudice, but gave the University leave to later raise any arguments in the motion to dismiss that had not been resolved by the motion for summary judgment. Docs. 139, 140.

1

On July 15, 2022, the University sought leave to file a summary judgment motion on issues of, *inter alia*, punitive damages and attorneys' fees. The Court construed that motion as one seeking reinstatement of Defendant's motion to dismiss and related briefing with respect to the issues of attorneys' fees and punitive damages, and granted that motion. The Court specified that it would consider only the briefing previously filed in connection with the motion to dismiss (Docs. 84, 91, and 94) in deciding the issues of punitive damages and attorneys' fees.

## II. DISCUSSION

### A. Whether Punitive Damages Are Available for Title IX Claims

Defendant argues that Title IX is Spending Clause legislation and therefore, only traditional contractual remedies are available, and such remedies do not include punitive damages.

In *Barnes v. Gorman*, 536 U.S. 181, 188 (2002), the Supreme Court held that punitive damages are not available in suits brought pursuant to Title VI. The Supreme Court also noted in that case that "the Court has interpreted Title IX consistently with Title VI." *Id.* at 185. The Supreme Court recently reaffirmed these conclusions. *See Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1565 (2022) ("[I]n *Barnes*, which involved the question whether punitive damages are available under the same statutes, the Court followed the contract analogy and concluded that a federal funding recipient may be considered on notice that it is subject to those remedies traditionally available in suits for breach of contract. Given that punitive damages are generally not available for breach of contract, the Court concluded that funding recipients have not, merely by accepting funds, implicitly consented to liability for punitive damages." (quotation marks and citations omitted)).

Given this binding and unequivocal precedent, the Court cannot but conclude that punitive damages are not available in connection with the claims under Title IX. *See, e.g., Mercer v. Duke*

*Univ.*, 401 F.3d 199, 202 (4th Cir. 2005) ("In *Barnes*, the Supreme Court held that punitive damages are not available for private actions brought under Title VI. Because Title IX is interpreted consistently with Title VI, the Supreme Court's decision in *Barnes* compelled us to vacate Mercer's punitive damage award." (citations omitted)).[1]

### B. Whether Plaintiffs Would Be Entitled to Attorneys' Fees on the Contract Claim

The University argues that Plaintiffs are not entitled to attorneys' fees on the contract claim, as they have not pointed to any contractual provision or statute that would entitle them to such fees. Plaintiffs appear to have conceded this point, as they did not respond to it in any fashion.

"Missouri follows the American Rule on attorneys' fees, which provides that each party to litigation must pay its own litigation expenses unless a statute specifically authorizes recovery of attorneys' fees or a contract provides for them." *Crutcher v. MultiPlan, Inc.*, 22 F.4th 756, 763–64 (8th Cir. 2022). As Plaintiffs have not suggested that any statute or contract permits recovery of attorneys' fees in connection with their contract claim, the request for attorneys' fees must be struck.

## III. CONCLUSION

For the reasons discussed above, the University's reinstated motion to strike (1) Plaintiffs' claims for punitive damages in Counts I, II, III, and V and (2) Plaintiffs' claims for attorneys' fees in Count IV of the Second Amended Complaint, Doc. 83, is GRANTED. The requests for punitive

---

[1] Plaintiffs cite *Wolfe v. Fayetteville, Arkansas Sch. Dist.*, 600 F. Supp. 2d 1011, 1026 (W.D. Ark. 2009), to argue that the issue of availability of punitive damages in Title IX cases has not yet been resolved, but *Wolfe* did not analyze whether punitive damages are available under Title IX. Rather, *Wolfe*, which did not even mention *Barnes*, stated that additional briefing would be required to resolve the issue. *Wolfe* thus does not support Plaintiffs' position.

damages in connection with the Title IX claims and the request for attorneys' fees in connection with the claims for breach of contract are STRUCK.

                                             s/ Nanette K. Laughrey
                                             NANETTE K. LAUGHREY
                                             United States District Judge

Dated: July 21, 2022
Jefferson City, Missouri