IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JANE DOE 1, an individual, and JANE DOE 2, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> THE CURATORS OF THE UNIVERSITY OF MISSOURI, a body politic, <br><br> Defendant. | Case No. 2:19-CV-04229-NKL |

## PLAINTIFFS' MOTIONS *IN LIMINE*

Plaintiffs Jane Doe 1 and Jane Doe 2 (collectively, "Plaintiffs") – two of at least eight women who were either raped, assaulted, or stalked by former University of Missouri men's basketball player Terrence Phillips – filed the present lawsuit against the University seeking to hold it responsible under Title IX for its various discriminatory policies and actions that ultimately led to their harm. It is anticipated that the University will attempt to present certain improper categories of evidence at trial. Accordingly, Plaintiffs hereby submit the following Motions *in Limine* for the Court's consideration.

1. **Evidence of Phillips' Victims' Prior Sexual History**

This a Title IX action in which the jury will be tasked with determining whether the University's policies and actions in response to the multitude of sexual assault reports against Phillips were reasonable and satisfied the standard of care. The jury does not need to determine whether any of Phillips victims were actually raped, assaulted, or stalked. In fact, such incidents are only relevant to the extent they demonstrate what the University was on notice of during the time in question.

1

Due to the nature of this lawsuit, however, it is possible that the University will attempt to present evidence or elicit testimony concerning the prior sexual history of one or more of Phillips' victims – including but not limited to the Plaintiffs. But evidence concerning prior sexual history cannot be relevant to whether **the University's** policies and actions satisfied the standard of care under Title IX. Admission of such evidence would serve no purpose other than to embarrass or harass Phillips' victims and should be excluded.

Evidence that is not relevant to the issue before the jury and bears a danger of unfair prejudice to a party and is not admissible. *Excel Corp. v. Bosley*, 165 F.3d 635, 641 (8th Cir. 1999). The general rule is that for evidence to be admissible, it must bear legal relevance to the present issue. Fed. R. Evid. 402. Evidence that is legally relevant must have a tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence of the sexual history of Phillips' victims is not relevant to the University's liability because it does not make any fact as to its compliance with Title IX more or less probable. The jury is tasked with evaluating the University's policies and actions – not those of Phillips or any of his victims. Evidence of sexual history can simply shed no light on whether the University has acted appropriately under Title IX.

Moreover, even if a court finds that the evidence is relevant to the issue, the evidence may be excluded if it causes a danger of confusing the issues, unfair prejudice, or misleading the jury. Fed. R. Evid. 403. Likewise, evidence that is intended only to embarrass or harass a plaintiff can be deemed inadmissible. *Scott v. City of Sioux City, Iowa*, 96 F. Supp. 3d 876, 894 (N.D. Iowa 2015) (excluding evidence of prior sexual history where the evidence was not probative and would serve no basis other than to "build a case on negative innuendo"). Evidence of prior sexual history "also has a very substantial potential for unfair prejudice, because it would misdirect the jurors,

2

enflame their passions in response to behavior of others that has little relevance to … [the] claims, and cause jurors to decide the case on the basis of their emotional response to the conduct described in the statements at issue, rather than on the basis of evidence concerning the alleged" Title IX violations against the University. *Id*.

Evidence of prior sexual history is not remotely relevant or probative of any of the issues that the jury is tasked with resolving in this case. Such evidence is also unfairly prejudicial and would serve no purpose other than to harass and embarrass the victims. The University should therefore not be permitted to present any evidence of the sexual history of ***any*** of the Title IX victims – *i.e.*, its former students – in this case.

2. **Collateral Source Compensation.**

"Payments received from collateral sources are not generally allowed to be introduced into evidence for purposes of reducing a damage award or showing wrongdoing." *Hannah v. Haskins*, 612 F.2d 373, 375 (8th Cir. 1980) (citing Fed. R. Evid. 411). Indeed, "[i]t is generally considered that the interjection by the defense that a plaintiff has recovered a portion of his economic loss resulting from an accident because of payments by a collateral source is prejudicial and may be grounds for a mistrial." *Brown v. Royalty*, 535 F.2d 1024, 1028 (8th Cir. 1976).

Accordingly, to the extent the University attempts to mitigate Plaintiffs' damages – including but not limited to medical bills and counseling fees – by presenting evidence that insurance or some other collateral sources made contributions, such evidence should be excluded. *See, e.g., Cowden v. BNSF Ry. Co.*, 980 F. Supp. 2d 1106, 1127 (E.D. Mo. 2013) ("[T]he Court grants Plaintiff's Motion to the extent it seeks to exclude evidence of disability and Veterans' Administration benefits, which clearly fall within the scope of the collateral source rule.").

3

3. **Direct Testimony Suggesting the University's Actions Were Reasonable Or Satisfied The Standard of Care.**

Plaintiffs anticipate that the University will attempt to elicit testimony at trial concerning the "reasonableness" of its actions and the "satisfaction" of the applicable standard of care. For example, the University has identified a self-proclaimed "Title IX expert" – Courtney Bullard – to act as judge and jury in testifying about the appropriateness and sufficiency of the University's policies and response to the reports of Phillips' sexual assault.[1] It is also anticipated that the University will attempt to elicit similar testimony from a number of lay witnesses, including but not limited to its own Title IX officers. Any testimony directly suggesting (1) that the University's policies and actions were reasonable, or (2) that the University satisfied the standard of care in this case would be universally improper.

Indeed, a trial witness cannot invade the province of the jury by telling it what result to reach. *Lee v. Andersen*, 616 F.3d 803, 809 (8th Cir. 2010) ("Opinions that 'merely tell the jury what result to reach' are not admissible.'") (quoting Fed. R. Evid. 704 advisory committee's note); *see also Kidder, Peabody & Co., Inc. v. IAG Intern. Acceptance Group, N.V.*, 14 F.Supp.2d 391, 401 (S.D.N.Y. 1998) ("[T]estimony encompassing an ultimate legal conclusion based on the facts of the case is not admissible, and may not be made so simply because it is presented in terms of industry practice.").

In this case, the reasonableness of the University's policies and actions is the ultimate question that the jury is charged with answering. For example, Count I of the Plaintiffs' Complaint alleges that the University violated Title IX by acting with deliberate indifference in response to

---

[1] Plaintiffs have filed a *Daubert* Motion to exclude the evidence of Bullard. In the event the *Daubert* Motion is denied, Plaintiffs renew their arguments to exclude Bullard's testimony for the reasons set forth in this Motion.

Phillips' repeated instances of rape, assault, and stalking. In assessing this claim, the jury's primary determination is whether the University's response to Phillips' conduct was "clearly unreasonable in light of the known circumstances." *Davis ex rel. LaShonda D. v. Monroe County Board of Education*, 526 U.S. 629 (1999). Accordingly, any testimony directly telling the jury that the University's actions were reasonable or that it substantially complied with its standard of care would be improper. Rather than allow the jury to weigh the evidence and make a determination as to the reasonableness of the University's response, such opinions create the risk that the jury will simply defer to the witnesses' evaluation of the situation. Evidence of this nature does not assist the jury, but instead serves only to cause confusion and undue prejudice. This is true regardless of whether the testimony comes from an expert like Bullard,[2] or from any other witness at trial.

Federal courts have consistently precluded witnesses from testifying as to the ultimate satisfaction of the standard of care in Title IX cases for this very reason. *See, e.g., Roohbakhsh v. Bd. of Trustees of Nebraska State Colleges*, No. 8:17CV31, 2019 WL 5653448, at *3 (D. Neb. Oct. 31, 2019) ("Determining whether a defendant has displayed deliberate indifference to a plaintiff's rights is distinctly the province of the fact-finder at trial."); *see also Doe v. St. Francis Sch. Dist.*, 834 F. Supp. 2d 889, 892 (E.D. Wis. 2011). In fact, Bullard herself has previously been precluded from testifying for this reason. *Doe v. Coastal Carolina Univ.*, No. 4:18-CV-268-SAL, 2021 WL 1651057, at *5 (D.S.C. Mar. 8, 2021) ("Bullard **may not** testify as to whether the University complied with Title IX, case law, regulations, OCR guidance, or the Clery Act.")

---

[2] Bullard's report – and, ostensibly, her testimony – will suggest that University "**substantially complied** with OCR guidance during the relevant time period" and "**was not deliberately indifferent in its response** to the allegations of misconduct." *See* Doc 126-1, pg. 35 (emphasis added). Again, this is the precise issue that is to be resolved by the jury.

5

(emphasis added). The same result should follow in this case – not only with respect to Bullard, but for any witness attempting to testify as to whether the standard of care has been met.

4. **Evidence Concerning the University's Current Policies.**

At issue in this case is whether the University's policies and actions in response to the allegations against Phillips were reasonable, and whether or not the University satisfied its standard of care under Title IX. In resolving these issues, the jury will be tasked with, among other things, evaluating the University's policies from the time period at issue in this case.

To the extent the University attempts to present evidence of its current policies, such evidence should be excluded. Indeed, such evidence is not remotely probative of the University's policies or actions at the time of the events in question and would serve no purpose other than to confuse the jury. *United States v. Tsarnaev*, 142 S. Ct. 1024, 1027, 212 L. Ed. 2d 140 (2022) ("The District Court did not abuse its discretion when it reasonably excluded the evidence for its lack of probative value and potential to confuse the jury."). The University has made numerous changes to its policies over the last several years – many of which were required by the federal government. Evidence of such policies may cause the jury to conflate the policies as they existed during the Title IX proceedings in this case with the policies as they exist today. The evidence is both irrelevant and prejudicial.

Evidence that is not relevant to the issue before the jury and bears a danger of unfair prejudice to a party and is not admissible. *Excel Corp. v. Bosley*, 165 F.3d 635, 641 (8th Cir. 1999). The evidence should therefore be excluded.

WHEREFORE, Plaintiffs Jane Doe 1 and Jane Doe 2 respectfully request that this Court grant their Motions *In Limine* to exclude Defendant from presenting the evidence described above, and award such other and further relief as the Court deems just and proper.

6

Case 2:19-cv-04229-NKL   Document 171   Filed 08/09/22   Page 6 of 7

Respectfully submitted,

CARMODY MACDONALD P.C.

By: /s/ Ryann C. Carmody
    Gerard T. Carmody, #24769MO
    Ryann C. Carmody, #56831MO
    Candace E. Johnson, #70152MO
    Ryan M. Prsha, #70307MO
    120 South Central Avenue, Suite 1800
    St. Louis, Missouri 63105
    (314) 854-8600 Telephone
    (314) 854-8660 Facsimile
    gtc@carmodymacdonald.com
    rcc@carmodymacdonald.com
    cej@carmodymacdonald.com
    rmp@carmodymacdonald.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 9th day of August, 2022, the forgoing was served on all counsel of record by operation of this Court's Electronic Filing System.

/s/ Ryann C. Carmody