UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JANE DOE 1, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE CURATORS OF THE UNIVERSITY OF MISSOURI, <br><br> Defendant. | Case No. 19-cv-04229-NKL |

# ORDER

Before the Court is Defendant's second Motion for Summary Judgment, which is directed to Plaintiffs' requests for damages and attorney fees on their Title IX claims. For the reasons set forth below, Defendant's second Motion for Summary Judgment, (Doc. 152), is **GRANTED IN PART.**

## I. BACKGROUND

Plaintiffs, two female former students at the University of Missouri-Columbia, reported sexual harassment and sexual assault by T.P., then a member of the University's men's basketball team. Thereafter, Plaintiffs filed this suit; the Second Amended Complaint, (Doc. 75), asserts four counts alleging violations of Title IX, 20 U.S.C. § 1681(a), and one count alleging breach of contract. In a recent oral ruling, the Court concluded that some of the Title IX claims, and the breach of contract claim, survive Defendant's first Motion for Summary Judgment. The factual details giving rise to Plaintiffs' claims, and the nature of the claims that remain pending, are not repeated here.

On April 28, 2022, the Supreme Court issued its decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022). *Cummings* addressed the method for determining what types of damages are available for violations of statutes that Congress passed pursuant to its power under the Spending Clause. However, *Cummings* was decided after the deadline for filing dispositive motions, so on July 20, 2022, the Court allowed Defendant to file a second summary judgment motion challenging the availability of emotional distress damages under Title IX based on *Cummings*. (Doc. 151.) Although the Court's authorization was limited to the availability of emotional distress damages, the Defendant's now seeks summary judgment on attorney fees, nominal damages, and compensatory damages, as well as emotional distress damages. Because the additional damage issues raised by Defendant were not authorized by the Court in its July 20th order, and because the deadline for discovery disputes and dispositive motions has long passed, the Court strikes Defendant's second Motion for Summary Judgment to the extent it discusses these additional damage issues. The Court turns now to the question of whether emotional distress damages are permissible under Title IX.

## II. DISCUSSION

*Cummings* considered whether emotional distress damages are available for violations of the Rehabilitation Act and the Patient Protection and Affordable Care Act. Both statutes were passed pursuant to Congress's power under the Spending Clause, which allows Congress to "fix the terms on which it shall disburse federal money . . . ." *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 17 (1981). In determining the remedies available for Spending Clause legislation, the Court analogizes to contract law; that is, it considers the recipient of federal funds as having agreed to adhere to certain requirements in exchange for the funds provided by Congress. *See Cummings*, 142 S. Ct. at 1569-70 (citing *Barnes v. Gorman*, 536 U.S. 181, 185-86 (2002) and

2

Case 2:19-cv-04229-NKL   Document 175   Filed 08/15/22   Page 2 of 5

*Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286 (1998)). *Cummings* relied heavily on *Barnes*, which it described as holding that "a federal funding recipient may be considered 'on notice that it is subject not only to those remedies explicitly provided by the relevant legislation, but also to those remedies traditionally available in suits for breach of contract.'" *Cummings*, 142 S. Ct. at 1571 (quoting *Barnes*, 536 U.S. at 187). And based on *Barnes*, "we may presume that a funding recipient is aware that, for breaching its Spending Clause 'contract' with the Federal Government, it will be subject to the *usual* contract remedies in private suits." *Id*. Thus, in *Barnes*, the Supreme Court held that punitive damages are not available for violations of Spending Clause legislation; in *Cummings*, the Supreme Court held that emotional distress damages also are not available.

Plaintiffs do not dispute this analysis; that is, they do not dispute that absent a statute to the contrary, violations of Spending Clause legislation cannot give rise to a claim for emotional distress damages. Instead, they argue that Title IX is not solely Spending Clause legislation; they contend that Congress also relied on the Fourteenth Amendment when it passed Title IX so *Cummings*, *Barnes*, and other cases about the Spending Clause do not apply. The Court disagrees.

First, the Court has effectively already held that Title IX is Spending Clause legislation. Relying on *Barnes*, the Court held that Plaintiffs could not recover punitive damages for the Title IX violations and granted Defendant's motion to dismiss the request for punitive damages. (Doc. 155.)

Second, while Plaintiffs did not raise their Fourteenth Amendment argument when the Court was considering the availability of punitive damages, the Court does not believe the argument is viable. As the Order addressing punitive damages noted, when *Barnes* held that punitive damages are not available under Title VI (the Rehabilitation Act) the Supreme Court also

3

observed that "the Court has interpreted Title IX consistently with Title VI." *Barnes*, 536 U.S. at 185. Moreover, in every case in which the Supreme Court has addressed the obligations imposed and the remedies available under Title IX, it has applied a Spending Clause analysis and analogized to contract law. *E.g., Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 181 (2005); *Davis v. Monroe Conty Bd. of Educ.*, 526 U.S. 629, 640 (1999); *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 287 (1998); *Franklin v. Gwinnett County Pub. Sch.*, 503 U.S. 60, 74-75 (1992). Conversely, the Supreme Court has never analyzed Title IX as if it had been passed pursuant to Congress's power under the Fourteenth Amendment.

Plaintiffs primarily rely on the Eighth Circuit's decision in *Crawford v. Davis*, 109 F.3d 1281 (8th Cir. 1997).[1] There, the defendants asserted that the Title IX claims asserted against them had to be dismissed because they were barred by the Eleventh Amendment. The defendants agreed that Congress could abrogate Eleventh Amendment immunities pursuant to its powers under the Fourteenth Amendment, but contended that this did not save the claims because Title IX was passed pursuant to the Spending Clause. The Eighth Circuit disagreed with the defendants, but it did not hold that Title IX was passed pursuant to the Fourteenth Amendment. The Eighth Circuit concluded that the relevant question for Eleventh Amendment purposes "turn[ed] on whether Congress, as an objective matter, *could have* enacted Title IX pursuant to § 5 of the Fourteenth Amendment." *Crawford*, 109 F.3d at 1283 (emphasis added). The Eighth Circuit held that Title IX could have been passed pursuant to Congress's powers under the Fourteenth Amendment and because that was the extent of the required inquiry, but it did not hold that Congress had actually

---

[1] Plaintiffs also cite *Doe v. Purdue Univ.*, 2022 WL 2828238 (N.D. Ind. July 20, 2022), which declined to preclude evidence of emotional distress damages in a Title IX case. However, the court said only that "[b]ecause *Cummings* was not a Title IX action, it does not make evidence of emotional distress or harm inadmissible in this case." *Doe*, 2022 WL 2828238, at *4. The court did not fully analyze the issue and specifically did not address *Cummings*'s implications for all Spending Clause legislation.

done so. And in a subsequent, and more direct pronouncement, the Eighth Circuit applied Spending Clause analysis to ascertain a defendant's obligations and liabilities under Title IX. *Gross v. Weber*, 186 F.3d 1089, 1091-92 (8th Cir. 1999) ("Concerns of notice and fairness are particularly relevant for Title IX, which was enacted pursuant to the Spending Clause. Title IX is set in a contractual framework whereby educational institutions agree to the condition not to discriminate on the basis of sex in return for federal funding.") (citations to *Davis* and *Gebser* omitted)). Regardless, to whatever extent *Crawford* suggests that Title IX was passed pursuant to the Fourteenth Amendment or that Spending Clause analysis does not apply, the Supreme Court's subsequent decision in *Gebser*, *Davis*, and *Jackson* would overrule that holding.[2]

The Court holds that *Cummings* applies to Plaintiffs' Title IX claims. Therefore, Defendant is entitled to judgement insofar as Plaintiffs seek emotional distress damages for claims based on Title IX which are Counts, I, II and III.

### III. CONCLUSION

For the reasons discussed above, the University's second Motion for Summary Judgment (Doc. 152) is GRANTED with respect to Plaintiffs' requests for emotional distress damages on the Title IX claims and the remainder of its second Motion for Summary Judgement is STRICKEN in all other respects.

Dated: August 15, 2022  
Jefferson City, Missouri

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

---

[2] The Court acknowledges Plaintiffs' concern that "emotional damages are often the most predominant foreseeable harm that Title IX Plaintiffs are forced to endure" and applying *Cummings* "would . . . prevent future Title IX Plaintiffs from ever recovering damages for the most significant harm they have suffered." (Doc. 164, p. 19.) But these arguments do not provide a basis for the Court to ignore *Cummings*'s clear statements that (1) the only damages that are available are those that are generally available for breach of contract and (2) emotional distress damages are not generally available for breach of contract.