UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JANE DOE 1, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:19-cv-04229-NKL |
| ) | |
| THE CURATORS OF THE ) | |
| UNIVERSITY OF MISSOURI, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RE-FILED MOTION FOR SUMMARY JUDGMENT REGARDING PLAINTIFFS' CLAIMS FOR COMPENSATORY AND NOMINAL DAMAGES**

This Court has previously ruled that Plaintiffs may not recover punitive or emotional distress damages in this case. Plaintiffs' remaining damage claims are for *Cummings* damages (regarding Plaintiffs' Title IX claims) or related contract-type damages (for alleged breach of contract). The Court also raised *sua sponte* the question of whether Plaintiffs could recover nominal damages in this case.

On August 22, 2022, this Court ordered Defendant to re-file "an additional motion for summary judgment in regards to nominal and compensatory damages, specifically the briefing previously filed." Doc. 188. The following submission complies with this Court's Order.

1

**TABLE OF CONTENTS**

STATEMENT OF UNDISPUTED MATERIAL FACTS………………………………………..4

THE UNIVERSITY'S RESPONSE TO PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS…………………………………………………………………………...5

ARGUMENT……………………………………………………………………………….12

    I.    THE UNIVERSITY IS ENTITLED TO SUMMARY JUDGMENT ON ALL OF PLAINTIFFS' CLAIMS BECAUSE PLAINTIFFS CANNOT, AS A MATTER OF LAW, PROVIDE SUFFICIENT EVIDENCE TO SUPPORT ANY CLAIM FOR DAMAGES………………………………….12

    II.    THE UNIVERSITY IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' OTHER DAMAGE CLAIMS…………………………………...16

        A.    Plaintiffs Cannot Recover Other Claimed Damages…………………….16

        B.    Plaintiffs Cannot Recover Nominal Damages…………………………...18

CONCLUSION……………………………………………………………………………..19

# TABLE OF AUTHORITIES

**Cases**

*Alpha lota Omega Christian Fraternity v. Moeser*, 2006 WL 1286186 (M.D.N.C.
 May 4, 2006)……………………………………………………………………………..18

*Carmody v. Kansas City Bd. of Police Com'rs*, 713 F.3d 401 (8th Cir. 2013)………………14, 15

*Davis v. District of Columbia*, 158 F.3d 1342 (D.C. Cir. 1998)…………………………………18

*Goichman v. City of Aspen*, 590 F.Supp. 1170 (D. Colorado 1984)……………………………..18

*Guidry v. Charter Commc'ns, Inc.*, 269 S.W.3d 520 (Mo. App. 2008)…………………………17

*Thomas R.W., By and Through Pamela R. v. Massachusetts Dept. of Educ.*, 130 F.3d 477
 (1st Cir. 1997)……………………………………………………………………………18

*Trost v. Trek Bicycle Corp.,* 162 F.3d 1004 (8th Cir. 1998)……………………………………..15

*Uzuegbunam v. Preczewski*, 141 S.Ct. 792 (2021)………………………………………………18

*Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).………………………………………..15

**Rules**

FRCP 8(a)(3)……………………………………………………………………………………..18
FRCP 26(a)(1)(A)(iii)……………………………………………………………………………13
FRCP 26(e)(1)……………………………………………………………………………………13
FRCP 37(c)(1)……………………………………………………………………………………13

**STATEMENT OF UNDISPUTED MATERIAL FACTS (Doc. 153)**[1]

1. The parties engaged in written discovery beginning in or around May 2020. (Docs. 23 and 24).

2. The University's Interrogatory No. 4 to Plaintiffs Doe 1 and Doe 2 states, "State the total amount of damages you claim to have sustained as a result of the alleged acts or omissions of the University and with specificity and in detail, list each and every item from which this sum is derived, the documents upon which your damage claims are based, each person with knowledge of such damages, and what efforts you have made to mitigate your damages." (Relevant Excerpts of Plaintiffs Jane Doe 1 Answers to the University Interrogatories and Plaintiff Jane Doe 2's Answers to the University Interrogatories, combined and attached as **Ex. A**).

3. On or about October 12, 2020, Plaintiffs served their Answers to the University's Interrogatories; Plaintiffs' Answer to Interrogatory No. 4 states, "[Plaintiff] states that the extent of her damages have [sic] not been finalized and that this interrogatory will be supplemented in compliance with the Federal Rules of Civil Procedure." (**Ex. A**).

4. On or about June 21, 2021, Plaintiffs served their First Supplemental Answers to the University's Interrogatories. (Relevant Excerpts of Plaintiffs Jane Doe 1's First Supplemental Answers to the University Interrogatories and Plaintiff Jane Doe 2's First Supplemental Answers to the University Interrogatories, combined and attached as **Ex. B**).

5. Plaintiffs' supplemental answers to the University's Interrogatory No. 4 are identical to the answers provided in October 2020. (**Ex. B**).

6. On or about June 21, 2021, Plaintiffs served their Rule 26 Initial Disclosures to the

---

[1] These statements of undisputed fact are taken verbatim from Doc. 153, pp. 6-8. We have added bracketed information only to clarify when events have changed since the filing of Doc. 153.

University. (Relevant Excerpts of Plaintiffs' Rule 26 Initial Disclosures, attached as **Ex. C**).

7. Roman Numeral III of Plaintiffs' Initial Disclosures reads:

"A computation of each category of damages claimed by the disclosing party– who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Plaintiffs state that the extent of their damages have not been finalized and that this disclosure will be supplemented in compliance with the Federal Rules of Civil Procedure." (**Ex. C**).

8. Following the University's service of written discovery responses, counsel for Plaintiffs deposed multiple University witnesses. (**Docs. 55, 57-58, and 72**).

9. The "Closure Date" for completion of discovery, including service of written discovery requests and scheduling of depositions was September 30, 2021. (**Doc. 83**).

10. [As of the date of Doc. 153] Plaintiffs have not supplemented their Initial Rule 26 Disclosures since June 21, 2021 (**Doc. 69**).

11. [As of the date of Doc. 153] Plaintiffs have not supplemented their Interrogatory Answers related to the University's request for information about alleged damages since June 21, 2021. (**Doc. 70**).

### THE UNIVERSITY'S RESPONSE TO PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS (Doc. 168)[2]

1. The Plaintiffs' Second Amended Complaint ("Complaint") sought damages including, but not limited to compensatory damages, injunctive relief, and attorney's fees and costs. *See* Doc. 75, pp. 22-23; 25; 27-28; 32-33.

---

[2] The University's Response here is taken verbatim from its response to Plaintiff's additional statement of facts found in Doc. 168, pp. 6-12.

**RESPONSE: Admit that Plaintiffs' Second Amended Complaint speaks for itself, otherwise denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response.**

2. Jane Doe 1 has incurred and will adduce evidence at trial of damages totaling $141,500.00. *See* Jane Doe 1's Verified Second Amended Interrogatory Responses ("Doe 1 Interrogatory Responses"), p. 1. A true and correct copy of the Doe 1 Interrogatory Responses is attached hereto as **Exhibit 1**.

**RESPONSE: Denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response.**

3. Jane Doe 1 has incurred and will adduce evidence at trial of compensatory damages relating to lost wages in the amount of $10,500.00. *See* Exhibit 1, p. 2.

**RESPONSE: Denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response.**

4. Jane Doe 1 has incurred and will adduce evidence at trial of compensatory damages relating to additional housing costs in the amount of $6,000.00. *See* Exhibit 1, p. 1.

**RESPONSE: Denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response.**

5. Jane Doe 1 incurred and will adduce evidence at trial of $36,000.00 in emotional damages. *See* Exhibit 1, p. 1.

**RESPONSE: Denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response.**

6. Jane Doe 1 has incurred and continues to incur attorney's fees. *See* Exhibit 1, p. 1.

**RESPONSE: Denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response. Also, Plaintiffs' claim for attorneys' fees are not before the Court, and the parties were directed not to address the issue.**

7. Jane Doe 1's damages are ongoing and continue to accrue. *See* Exhibit 1, p. 1.

**RESPONSE: Denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response.**

8. Jane Doe 2 incurred and will adduce evidence at trial of damages totaling $912,101.16. *See* Jane Doe 2's Verified Second Amended Interrogatory Responses ("Doe 2 Interrogatory Responses"), p. 1. A true and correct copy of the Doe 2 Interrogatory Responses is attached hereto as **Exhibit 2**.

**RESPONSE: Denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response.**

9. After the events outlined in Plaintiffs' Complaint, Jane Doe 2 began seeing a counselor named Kristy Cobillas. *See* Cobillas Statements, a true and correct copy of which is attached as **Exhibit 3**; *see* also Deposition Transcript of Dr. Michael Jarvis ("Dr. Jarvis Transcript"), p. 21. A true and correct copy of relevant excerpts from the Dr. Jarvis Transcript is attached hereto as **Exhibit 4**.

**RESPONSE: Denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response. Also, the Exhibits lack foundation and are inadmissible.**

10. The University has been in possession of the treatment records from Jane Doe 2's visits to her counselor for years and counsel for the University has previously represented that he has "reviewed those records pretty carefully." Exhibit 4, p. 51.

**RESPONSE: Denied. Exhibit 4 does not indicate what records were reviewed or were in the University's possession.**

11. Jane Doe 2 has incurred and will adduce evidence at trial of compensatory damages relating to counseling and medical expenses in the amount of $ 5,246.16. *See* Exhibit 2, p. 2; *see also* Exhibit 4.

**RESPONSE: Denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response.**

12. Jane Doe 2 has incurred and will adduce evidence at trial of compensatory damages relating to tuition in the amount of $4,755.00. *See* Exhibit 2, p. 1.

**RESPONSE: Denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response.**

13. Jane Doe 2 has incurred and will adduce evidence at trial of compensatory damages relating to additional housing costs in the amount of $1,000.00. *See* Exhibit 2, p. 2.

**RESPONSE: Denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response.**

14. Jane Doe 2 has incurred and will adduce evidence at trial of compensatory damages relating to lost wages in the amount of $27,500.00. *See* Exhibit 2, p. 2.

**RESPONSE: Denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response.**

15. Jane Doe 2 incurred and will adduce evidence at trial of $873,600.00 in emotional damages. *See* Exhibit 2, p. 2.

**RESPONSE: Denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response.**

16. Jane Doe 1 has incurred and continues to incur attorney's fees. *See* Exhibit 2, p. 2.

**RESPONSE: Denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response. Also, Plaintiffs' claim for attorneys' fees are not before the Court, and the parties were directed not to address the issue.**

17. Jane Doe 2's damages are ongoing and continue to accrue. *See* Exhibit 2, p. 2.

**RESPONSE: Denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response.**

18. On May 26, 2021, the University deposed Plaintiffs' psychiatric expert, Dr. Michael Jarvis, the Vice Chairman of Clinical Affairs for the Washington University School of Medicine and Medical Director of Inpatient Psychiatry at Barnes-Jewish Hospital. *See* Exhibit 4.

**RESPONSE: Admitted.**

19. Dr. Jarvis testified that Jane Doe 2 did not suffer from any psychiatric illness prior to the events at issue in this case. Exhibit 4, p. 26.

**RESPONSE: Admit that the transcript speaks for itself, otherwise denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response.**

20. Dr. Jarvis further testified that, after examining Jane Doe 2, he determined that she "acquired the psychiatric illness of posttraumatic stress disorder with dissociative symptoms

9

as a direct result of the 12/5/17 assault by Terrence Phillips and the subsequent actions by the University of Missouri." Exhibit 4, pp. 18; 51.

**RESPONSE: Admit that the transcript speaks for itself, otherwise denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response.**

21. After being found "not responsible" by the University during the Title IX proceeding, Terrence Phillips began attacking his victims on social media. Exhibit 4, p. 22.

**RESPONSE: The University can neither admit nor deny this statement as asserts facts relating to TP.**

22. Dr. Jarvis testified that the University's actions and response to Jane Doe 2's Title IX complaint "allowed Terrence Phillips to revictimize her by various electronic communication means, which then exacerbated the symptoms of posttraumatic stress disorder." Exhibit 4, pp. 20; 53.

**RESPONSE: Admit that the transcript speaks for itself, otherwise denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response.**

23. Dr. Jarvis further testified that Jane Doe 2 "attributes [that] the response of Mizzou has generated more distress to her than possibly the actual physical assault." Exhibit 4, p. 89. In doing so, he acknowledged that the "posttraumatic stress disorder became more predominant and most symptomatic for [her] in August" after Phillips was found "not responsible" in the Title IX proceeding. Exhibit 4, p. 90.

**RESPONSE: Admit that the transcript speaks for itself, otherwise denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response.**

24. Dr. Jarvis concluded that "there was a far greater chance [Jane Doe 2] would have resolved her acute stress disorder if it wasn't for the [U]niversity's response." Exhibit 4, p. 91.

**RESPONSE: Admit that the transcript speaks for itself, otherwise denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response.**

25. Plaintiffs have already served supplemental initial disclosures and discovery responses to coincide with the most current calculations of Plaintiffs' damages. *See* Exhibit 1; Exhibit 2; *See* Supplemental Initial Disclosures, a true and correct copy of which is attached as **Exhibit 5**.

**RESPONSE: Admit that Plaintiffs purportedly served supplemental initial disclosures and discovery responses on August 3, 2022, otherwise denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response.**

26. The University never questioned either Doe 1 or Doe 2 about the amount of or basis for their damages during either Plaintiffs' deposition. *See* Jane Doe 1 Deposition Transcript, relevant excerpts of which are attached as **Exhibit 6**; *see also* Jane Doe 2 Deposition Transcript, relevant excerpts of which are attached as **Exhibit 7**.

**RESPONSE: Admit that the transcripts speaks for themselves, otherwise denied. Plaintiffs are barred from seeking the damages they now claim. See Argument below that is incorporated in this Response.**

27. Shortly after this case was filed the University indicated it would not be able to exchange initial disclosures in this case due to FERPA concerns and, at the University's insistence, the parties therefore agreed not to exchange initial disclosures. Notwithstanding their prior insistence that no disclosures be exchanged, the University unilaterally provided the first and only iteration of its "initial disclosures" to Plaintiffs over a year after this lawsuit was filed. *See* January 22, 2021 Correspondence, a true and correct copy of which is attached as **Exhibit 8**.

**RESPONSE: Admit that the parties temporarily delayed serving initial disclosures due to FERPA concerns, but otherwise denied. The parties both served Rule 26 disclosures thereafter, and Plaintiffs served initial Rule 26 disclosures on June 21, 2021, promising to timely supplement those disclosures. They did not. Doc. 147-2.**

28. There is a clear pattern of misconduct on behalf of the University with respect to its investigation of Title IX claims going back decades. *See* Parents of Mizzou Swimmer Who Committed Suicide: 'This has to stop,' cbssports.com (January 30, 2014), a true and correct copy of which is attached as **Exhibit 9.**

**RESPONSE: Objection. This assertion has nothing to do with the damages issues before the Court raised by the University's supplemental Motion for Summary Judgment, raises no material facts, is false, and highly improper. Moreover, this assertion lacks foundation and is inadmissible. To the extent any further response is required, this assertion is denied. See Docs. 105 and 105-1 through 105-9.**

## ARGUMENT

I. **THE UNIVERSITY IS ENTITLED TO SUMMARY JUDGMENT ON ALL OF PLAINTIFFS' CLAIMS BECAUSE PLAINTIFFS CANNOT, AS A MATTER OF**

**LAW, PROVIDE SUFFICIENT EVIDENCE TO SUPPORT ANY CLAIM FOR DAMAGES. (Doc. 153)**[3]

Even assuming, *arguendo*, that Plaintiffs had properly pleaded allegations in support of recoverable damages, Plaintiffs failed to properly disclose and provide evidence of such damages. FRCP 26(a)(1)(A)(iii) required Plaintiffs to provide "a computation of each category of damages" as well as "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." If a party does not follow these rules, "the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or was harmless." FRCP 37(c)(1).

Plaintiffs' Rule 26 disclosures failed to provide any information to the University to enable the University to determine what Plaintiffs' claimed damages are in this case. It is undisputed that Plaintiffs provided the University with a single disclosure regarding their alleged damages. (SUMF 6). (Plaintiff's Rule 26(a) disclosure dated June 21, 2021). With regard to Plaintiffs' Rule 26 disclosure of alleged damages, Plaintiff stated, the following:

> "Plaintiffs state that the extent of their damages have [sic] not been finalized and that this disclosure will be supplemented in compliance with the Federal Rules of Civil Procedure." (SUMF 7).[4]

FRCP 26(e)(1) required Plaintiffs to supplement their Rule 26(a) disclosures "in a timely manner" after learning "that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to

---

[3] The argument in this Section I is taken verbatim from the University's previous argument in Doc. 153, pp. 12-15.

[4] It is important to note that Plaintiffs served their initial Rule 26 disclosures *after* the University had already completed its production of documents and produced several witnesses for deposition. (SUMF 1, 8). Thus, as of July 21, 2021, Plaintiffs had sufficient time to explore and disclose alleged damages and to provide the University with a computation of such damages.

13

the other parties during the discovery process or in writing." *See also Carmody v. Kansas City Bd. of Police Com'rs*, 713 F.3d 401, 405 (8th Cir. 2013). Plaintiffs have not supplemented the above statement or provided any information or computation of damages at any time during the course of this litigation.

Plaintiffs also failed to provide information regarding their damages in response to the University's Interrogatories. Plaintiffs provided identical, incomplete responses in their answers to the University's interrogatories. (SUMF 3). After receiving the University's production and deposing several University witnesses, Plaintiffs supplemented some of their interrogatory answers, but ignored the University's request related to damages and failed to supplement with a specific answer. (SUMF 5).

Specifically, with regard to Plaintiffs' claim for "compensatory damages," Plaintiffs have not specified what "compensatory damages" they allegedly sustained. Plaintiffs merely state in their Complaint, that Plaintiffs pray for a judgment in their favor… to include "Compensatory damages" in an amount "to be determined at trial," without any elaboration as to what the alleged compensatory damages are. (Doc. 75). Plaintiffs cannot now, in opposition to this motion, provide evidence of claimed damages, when they failed to disclose damages or to provide any computation of such damages to the University.

In *Carmody v. Kansas City Bd. of Police Com'rs*, the Eighth Circuit affirmed Judge Whipple's decision to strike evidence offered by plaintiffs when presented with analogous facts. 713 F.3d 401 (8th Cir. 2013). Following the city's dispositive motion, the plaintiffs attempted to defeat summary judgment by attaching affidavits containing precise, week-by-week estimations of their alleged damages. Judge Whipple granted the city's motion to strike the evidence finding that plaintiffs had unjustifiably failed to comply with their discovery obligations. *Id.* at 404. The

Eighth Circuit agreed that the plaintiffs' unsupported estimates of damages were not sufficient, and that without the affidavits, the plaintiffs failed to satisfy their evidentiary burden of production in support of their alleged damages. *Id.* at 407. Judge Whipple's decision is consistent with other rulings in this Circuit. *See Trost v. Trek Bicycle Corp.,* 162 F.3d 1004, 1008 (8th Cir. 1998) (finding that failure to disclose was not justified when plaintiff did not hire an expert until after defendant produced its expert report and never sought an extension of the deadline); *See also Wegener v. Johnson*, 527 F.3d 687, 692-93 (8th Cir. 2008) (finding that the failure to disclose was not justified because the records at issue were easily discoverable and highly relevant).

Here, the situation is considerably worse: not only did Plaintiffs fail to provide any computation of damages on more than one occasion (in their First Answers to Interrogatories, their Initial Rule 26 Disclosures, and First Supplemental Answers to Interrogatories), Plaintiffs have merely made unsupported broad allegations of damage in their pleadings, without any specifications of them. At no point did Plaintiffs seek an extension of the deadline to disclose their damages. In fact, Plaintiffs have not indicated any intention whatsoever to provide the University with federally mandated disclosures prior to trial. Such failure is unjustified, and allowing Plaintiffs to present evidence at this stage regarding alleged damages, long after the close of discovery, and after summary judgment briefing, would severely and unfairly prejudice the University.[5]

---

[5] In *Carmody,* the Court found that the admission of the evidence in response to the dispositive motion would not be "harmless" because it would reopen discovery and prolong the litigation. 713 F.3d at 405.

Plaintiffs' noncompliance with the federal rules precludes them from introducing evidence in opposition to this motion relating to any alleged damages, the calculation of any amount of alleged damages, and any other information not properly and fully disclosed pursuant to FRCP 26. In other words, Plaintiffs cannot, as a matter of law, satisfy their burden to provide evidence in support of claimed damages, and the University is entitled to summary judgment.

II. **THE UNIVERSITY IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' OTHER DAMAGE CLAIMS. (Doc. 168)**[6]

A. **Plaintiffs Cannot Recover Other Claimed Damages.**

Plaintiffs claim that they can recover "contract-type" damages other than emotional distress damages consistent with *Cummings*, Doc. 164, pp. 20-21, and purportedly seek "counseling services," "lost wages," "housing costs," and "tuition expenses." *Id*. None of these damages, however, are recoverable in this case.

First, as discussed above, Plaintiffs failed to timely disclose any such alleged damages in their sworn interrogatory answers or as required by Rule 26. Nor did Plaintiffs provide substantial justification for their recent untimely disclosures, or establish that their untimely disclosures were harmless. Plaintiffs have asserted a breach of contract claim since August 2, 2021 (Doc. 75), and have had ample time to timely disclose any alleged contract damages. Plaintiffs' delays are unjustified and highly prejudicial to the University as noted above.

Second, Plaintiffs' response fails to provide this Court with any basis to conclude that any of the categories of alleged damages that Plaintiffs now claim are recoverable. Under settled Missouri law, recoverable contract damages are "only those which are incidental to, and directly caused by, the breach, and may reasonably be supposed to have entered into the contemplation of

---

[6] The argument in this Section II is taken verbatim from the argument in Doc. 168, pp. 18-21.

16

the parties, and not speculative profits or accidental or consequential losses . . ." *Guidry v. Charter Commc'ns, Inc.*, 269 S.W.3d 520, 533 (Mo. App. 2008) (reversing an award of $706,000 in damages as speculative). This principle "limits the reach of redress" in breach of contract actions and has been blackletter law for more than a hundred years in Missouri. *Id*.

Plaintiffs cannot demonstrate that their untimely and ambiguous claims for "counseling services," "lost wages," "housing costs," and "tuition expenses" were either proximately caused by the University's alleged breach of its internal CRRs concerning Title IX processes,[7] or that they were reasonably contemplated by the parties. For instance, Plaintiffs cannot credibly claim that Plaintiffs' alleged lost wages were proximately caused by the University's alleged failure to comply with its CRRs, or were contemplated by the parties, and such damages are also wholly speculative. Plaintiffs' claim for "housing expenses" fares no better: Plaintiffs were not living in University housing during any relevant time period. Plaintiffs would presumably have incurred tuition wherever they attended. None of these common-sense problems with their damage claims are discussed in Plaintiffs' response, nor can the University now go back, on the eve of trial, and explore the speculative nature of Plaintiffs' contract damage claims, or whether Plaintiffs mitigated[8] their alleged damages, because discovery is closed, trial is imminent, and there simply is no time to conduct meaningful discovery.

Plaintiffs' purported *Cummings* damages are not recoverable in this case.

---

[7] The University has also extensively briefed and argued that it is entitled to judgment as a matter of law on Plaintiffs' breach of contract claims (Count IV). We will not repeat those arguments here, other than to say that the Collected Rules and Regulations ("CRRs") upon which Plaintiffs rely make no mention of consideration, damages, or any related matter.

[8] The University's interrogatories asked Plaintiffs to state "what efforts you have made to mitigate your damages." Doc. 153-1, pp. 2, 5, 9, and 14. Even Plaintiffs' latest amended interrogatory answers fail to address mitigation in any way. Docs. 164-1, 164-2.

### B. Plaintiffs Cannot Recover Nominal Damages.

FRCP 8(a)(3) provides that a pleading "must contain . . . a demand for the relief sought." Plaintiffs did not plead a request for nominal damages at any time in this case, Docs. 1, 5, and 75. Even to this date, Plaintiffs have not requested leave to seek nominal damages. Plaintiffs are now foreclosed from seeking nominal damages.

In *Thomas R.W., By and Through Pamela R. v. Massachusetts Dept. of Educ.*, 130 F.3d 477 (1st Cir. 1997), the Court denied a request for nominal damages where the plaintiff failed to request nominal damages in the pleading and held that the general prayer for "such further relief as this court deems just and proper" did not preserve a request for nominal damages. *Id*. at 480. Similarly, in *Davis v. District of Columbia*, 158 F.3d 1342 (D.C. Cir. 1998), the plaintiff's Section 1983 complaint pleaded claims for compensatory and punitive damages but not nominal damages. *Id*. at 1345. The appeals Court rejected the plaintiff's nominal damages claim because "Davis never sought nominal damages" and declined to "strain to find inferences that are not available on the face of the complaint." *Id*; *see also Goichman v. City of Aspen*, 590 F.Supp. 1170, 1173 (D. Colorado 1984) (declining to permit request for nominal damages during summary judgment because "no prayer appears in the Complaint for such nominal damages"); *Alpha Iota Omega Christian Fraternity v. Moeser*, 2006 WL 1286186 (M.D.N.C. May 4, 2006) (declining to permit plaintiff to amend complaint to add claim for nominal damages after motion to dismiss filed because plaintiff failed to previously seek such damages). Plaintiffs' reliance on *Uzuegbunam v. Preczewski*, 141 S.Ct. 792 (2021), is misplaced. There, the plaintiffs explicitly sought nominal damages in their pleadings and placed the defendants on notice of their claim. *Id*. at 797 ("As relevant here, [plaintiffs] sought nominal damages and injunctive relief").

Permitting Plaintiffs to seek nominal damages for the first time now has no basis and would be highly prejudicial to the University. Plaintiffs are clearly seeking to expose the University to a claim for attorneys' fees using nominal damages as the vehicle without having complied with pleading rules or basic fairness. Doc. 164, pp. 23-24. Plaintiffs' last-minute request for nominal damages is also problematic given the fair notice requirements underpinning *Cummings*. Plaintiffs' new, unplead request for nominal damages should be rejected.

## CONCLUSION

For all these reasons, the University respectfully requests that the Court enter judgment in its favor and against Plaintiffs on all claims and Counts, award the University its costs incurred herein, and for such other and further relief as the Court deems appropriate.

Respectfully submitted,

TUETH KEENEY COOPER
MOHAN & JACKSTADT, P.C.

By: /s/ Ian P. Cooper
    Ian P. Cooper, #32133MO
    Katherine L. Nash, #53782MO
    Aigner S. Carr, #69994MO
    34 N. Meramec Avenue, Suite 600
    St. Louis, MO 63105
    Tel: (314) 880-3600
    Fax: (314) 880-3601
    icooper@tuethkeeney.com
    knash@tuethkeeney.com
    acarr@tuethkeeney.com

*Attorneys for Defendant*
*The Curators of the University of Missouri*

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorney of record:

CARMODY MACDONALD P.C.
Gerard T. Carmody
Ryann C. Carmody
Candace E. Johnson
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
gtc@carmodymacdonald.com
rcc@carmodymacdonald.com
cej@carmodymacdonald.com

*Attorneys for Plaintiffs*

/s/ Ian P. Cooper