UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JANE DOE 1, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE CURATORS OF THE UNIVERSITY OF MISSOURI, <br><br> Defendant. | Case No. 19-cv-04229-NKL |

### ORDER

Pending is Defendant's Motion for Summary Judgment, which is directed to Plaintiffs' requests for damages. For the reasons set forth below, the motion, (Doc. 194), is **DENIED**.

### I. BACKGROUND

Plaintiffs, two female former students at the University of Missouri-Columbia, reported sexual harassment and sexual assault by T.P., then a member of the University's men's basketball team. Thereafter, Plaintiffs filed this suit; the Second Amended Complaint, (Doc. 75), asserts four counts alleging violations of Title IX, 20 U.S.C. § 1681(a), and one count alleging breach of contract. In a separate Order the Court has concluded that some of the Title IX claims (and the breach of contract claim) survive Defendant's Motion for Summary Judgment. The factual details giving rise to Plaintiffs' claims, and the nature of the claims that remain pending, are discussed in detail in that Order and need not be repeated here. In other Orders, the Court ruled that Plaintiffs could not recover punitive damages or emotional distress damages on their Title IX claims. (Doc.

155; Doc. 175.)[1] Now pending is Defendant's motion seeking summary judgment on additional categories of damages. The motion, (Doc. 194), is **DENIED**.

Defendant's arguments are directed to Plaintiffs' requests for compensatory and nominal damages on the Title IX claims. They contend that the damages were not properly pleaded or disclosed, and some cannot be established. The Court rejects Defendant's arguments and the motion, (Doc. 194), is **DENIED**.

## II. DISCUSSION

### A. Procedural Issues

In October 2020, Plaintiffs responded to an interrogatory designed to obtain information about their damages by "stat[ing] that the extent of [their] damages have not been finalized and that this interrogatory will be supplemented in accordance with the Federal Rules of Civil Procedure." (Doc. 153-1, p. 5.) Plaintiffs provided supplemental responses on June 21, 2021, but their response to the interrogatory asking about their damages was the same. (Doc. 153-1, p. 10.) On that same day Plaintiffs filed their Initial Disclosures; their disclosure of damages was the same. (Doc. 153-1, p. 17.) Discovery closed in September 2021. Plaintiffs updated their responses in August 2022 – after discovery closed. Defendant contends that Plaintiffs' failure to supplement their responses before discovery closed precludes them from seeking damages at trial.

The Court disagrees for several reasons. First, the Second Amended Complaint and Plaintiffs' discovery responses made clear that they were seeking damages, so there is no surprise to Defendant. Second, Defendant never raised a discovery dispute contesting the adequacy of Plaintiff's damage disclosures. Third, during discovery Defendant knew the factual predicates for

---

[1] Defendant asserts that the "Court has previously ruled that Plaintiffs may not recover punitive or emotional distress damages in this case." (Doc. 194, p. 1.) The Court's ruling with respect to emotional distress damages related only to Plaintiffs' Title IX claims; the Court has not ruled whether emotional distress damages are available on the breach of contract claim. The matter has been raised in a Motion in Limine but briefing on that issue is not complete.

Plaintiff's damages. For instance, they knew that Doe 2 left to attend a different university and was claiming increased tuition and other expenses associated with that decision, and that both Plaintiffs sought lost wages. They also knew that Doe 2 saw a counselor and is seeking the costs associated with that as well. And during Plaintiffs' depositions Defendant had the opportunity to inquire further into the matter. Finally, Plaintiffs supplemented their responses on regarding damages on August 3, 2022 and again on August 22, 2022, and further agreed with Defendant that Defendant could "seek brief depositions of Plaintiffs limited to the additional information provided by Plaintiffs concerning their claims for damages after reviewing the . . . supplemental materials." (Doc. 176, ¶ 4.) Plaintiffs indicated that they "intend[ed] to object to any additional depositions of Plaintiffs" sought by Defendant, (*id.*), but the Court has not been asked to rule on any such objections. Therefore, either (1) Defendant opted not to pursue the opportunity or (2) Defendant sought Plaintiffs' depositions and Plaintiffs did not object. Regardless, Defendant had an avenue to seek depositions about the supplemental materials Plaintiffs provided. Given the lack of surprise to Defendant, the avenues that were available to Defendant to raise the issue, the limited nature of the damages sought, and the opportunities Defendant has to seek further information even now, the Court discerns no prejudice to Defendant and declines to prohibit Plaintiffs from seeking damages.

Defendant presents a slightly different procedural argument with respect to Plaintiffs' requests for nominal damages: Defendant contends that Plaintiffs cannot recover nominal damages because they did not include a specific request for nominal damages in the Second Amended Complaint. However, the need to specifically request nominal damages was not apparent until the Supreme Court decided *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022) – until then, Plaintiffs could rely on their claims for emotional distress damages to support the Title

3

IX claims.[2]  The change in the law alters the legal landscape that existed when the Second Amended Complaint was drafted.  Moreover, allowing Plaintiffs to seek nominal damages is not prejudicial to Defendant because no discovery is required and the only effect will be to preserve Title IX claims that the parties have always known have been present.  Accordingly, under these circumstances the Court interprets the Second Amended Complaint's request for "other relief as the Court deems proper" to include a request for nominal damages.[3]

The cases Defendant cites holding that this general phrase cannot support a claim for nominal damages are distinguishable.  None involve the unique circumstances present in this case.  Some are cases that were dismissed because the claims were moot and the plaintiffs sought reversal by claiming – for the first time on appeal – that their general prayer for relief included a request for nominal damages.  *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998); *Thomas R.W. v. Massachusetts Dep't of Educ.*, 130 F.3d 477, 480-81 (1st Cir. 1997).  The district court cases Defendant cites do note persuade the Court that it should not exercise its discretion to allow Plaintiffs to seek nominal damages.

### B.  Evidence to Support Damages

Defendant contends that it is entitled to summary judgment on Plaintiffs' damage claims because the Record does not demonstrate that they suffered any damages.  However, this argument is largely an extension of Defendant's prior argument regarding Plaintiffs' discovery responses and disclosures and it is rejected for the reasons stated above.

---

[2] Defendant does not contend that nominal damages are not available under Title IX.  This is just as well because the Court readily concludes that, based on numerous authorities (including several cited in *Cummings*), nominal damages are generally available for breach of contract.  *See, e.g.,* Restatement (Second) of Contracts 346(2); 11 J. Perillo, Corbin on Contracts § 55.10, at 34-36 (2005); 3 E. Farnsworth, Farnsworth on Contracts § 12.8, p. 189 (2004); 24 R. Lord, Williston on Contracts § 64.9, pp. 50-53 (2018).

[3] This ruling should not be construed as a holding by the undersigned that nominal damages need never be specifically sought in the complaint.

4

Defendant also contends that "Plaintiffs' response fails to provide the Court with any basis to conclude that any of the categories of alleged damages that Plaintiffs now claim are recoverable," (Doc. 194, p. 16), but it is the moving party's obligation to demonstrate that the material facts entitle it to summary judgment. Beyond this general assertion Defendant presents few arguments explaining why the evidence does not support Plaintiff's damage claims, and those it does present are unpersuasive. For instance, it contends that Doe 2 cannot recover housing expenses because she was not living on campus when she attended the University of Missouri. However, she was living *somewhere*, and if the University's Title IX violations caused her to move to another city to attend school, contract remedies would allow her to recover any increased expenses she incurred to attend the "replacement" school. Defendant also contends that "Plaintiffs cannot credibly claim that Plaintiffs' alleged lost wages were proximately caused by the University's" actions, (Doc. 194, p. 17), but provides no basis for the Court to rule, as a matter of law, that Plaintiffs' lost wages were not caused by the University's actions.

The Court's ruling should not be misconstrued as holding that Plaintiffs can recover any particular component of damage. The Court's ruling is simply that Defendant has not identified uncontroverted facts demonstrating that it is entitled to judgment as a matter of law.

### III. CONCLUSION

For the reasons discussed above, the University's motion for summary judgment regarding damages available under Title IX (Doc. 194) is **DENIED.**

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: August 30, 2022
Jefferson City, Missouri